Case 10-92612     Filed 09/13/10     Doc 30



1    SCOTT J. SAGARIA (BAR # 217981)
      PATRICK CALHOUN (BAR #56671)
2    SAGARIA LAW, P.C.
      333 West San Carlos Street, Suite 1700
      San Jose, CA 95110
3    408-279-2288 ph
      408-279-2299 fax
4

5    Attorney for Debtors

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA - MODESTO DIVISION

| In Re: | Case No.: 2010-92612-RSB |
|---|---|
| | DC NO: SJS-1 |
| **HERCULES BALAOING and LOURDES BALAOING,** | Chapter 13 |
| | **DEBTORS' MOTION TO VALUE COLLATERAL AND AVOID SECOND LIEN** |
| Debtors. | Hearing Date & Time: |
| | Date: October 19, 2010 |
| | Time: 10:00 a.m. |
| | Judge: Hon. Robert S. Bardwil |
| | Suite: 4 |

**TO SCME Mortgage Bankers, Inc. and all other interested parties:**

HERCULES BALAOING and LOURDES BALAOING (hereinafter "Debtors") hereby move this Court for an order classifying the Second Mortgage (hereinafter "Debt") of SCME Mortgage Bankers, Inc (or their successor and assigns; hereinafter "Lender") as unsecured in that there is no equity in the subject real property and to avoid the deed of trust in favor of Lender recorded against the title of the real property located at 813 Hometown Way, Modesto, California, 95356.

## JURISDICTION AND VENUE

The court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§151, 157 and 1334 and Fed. R. Bankr. P. 7001.  This is a core proceeding under 28 U.S.C. §157(b)(2)(F).  Venue in this Court is proper pursuant to 28 U.S.C. §1409 because this motion arises in this bankruptcy case.

## GENERAL ALLEGATIONS

This case was commenced on July 6, 2010, when Debtors filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code.  Debtors own the aforementioned real property located at 813 Hometown Way, Modesto, California, 95356 (hereinafter "the Property").

The Property has a fair market value of approximately $289,000.  The valuation is predicated upon the debtors' information and belief.

There is a first and second mortgage or deed of trust recorded against title of the subject real property.  The first is in favor of Aurora Loan Services and has a current amount owing of approximately $481,000.  The second deed of trust in favor of Lender has an approximate amount owing of $53,000.  The second trust deed in favor of Lender is avoidable as the value of the property is less than the amount of the first deed of trust.  Therefore, the second deed of trust does not attach to the Property and is wholly unsecured.  The second mortgage lien is therefore properly avoided by this Court and should be classified as unsecured.

SAGARIA LAW, P.C.

Dated: September 13, 2010

  /s/ Patrick Calhoun
PATRICK CALHOUN
Attorney for Debtor